### ELOISE NUNN v. THE STATE.

No. 19946. Delivered November 16, 1938.
Rehearing Denied January 25, 1939.

122

*L. D. Johnston,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with a violation of the liquor laws in a dry area, and upon her trial she was fined the sum of $100.00.

The statement of facts is not signed and approved by the county judge trying the case, and can not be considered by us. However, there appears in the record two bills of exception complaining relative to the sufficiency of the testimony on account of the fact that the purchaser, an agent of the Liquor Control Board, had at a previous trial hereof identified as the person from whom he purchased the whisky a sister of appellant, one Jimmie Nunn. The court, in his qualification of such bill, shows that upon call of the case he directed appellant's attorney to produce the defendant and place her before the jury. That at such time Jimmie Nunn came forward, and a jury was selected, and the witness identified Jimmie Nunn as the person who had sold him the whisky, and said such person stated at such time that her name was Eloise Nunn. Upon conclusion of the State's testimony appellant's attorney then produced appellant, and the agent purchaser then said he was mistaken as to Jimmie Nunn, and that she was not the person who sold the whisky, but that Eloise Nunn was such person; that they looked much alike, but when placed together he could tell the difference; that Jimmie Nunn had bumps on her face. A mistrial resulted in such case, and in this trial no such mistake occurred.

Bill No. 2 reflects the fact that the purchasing witness stated that he purchased the bottle of whisky at the Green Lantern Cafe, whereas the facts showed that he bought same at the Mandy Nunn Cafe. The witness admitted such mistake, but the judge in his qualification states that these cafes were side by side, and a large sign was shown for the Green Lantern Cafe,

which was hung in such a position that it was hard to tell which cafe was which.

These bills are both taken to a refusal of the court to direct a verdict of acquittal herein because of the insufficiency of the testimony on account of the contradictions of the purchasing witness' testimony, and the above excerpts are taken from the court's qualification thereto. These alleged discrepancies would only go to the weight of the witness' testimony, and not to either its admissibility or sufficiency.

We see no error in the record, and the judgment is affirmed.

#### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—After reviewing the record in the light of the appellant's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.